IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SEAN BUTLER,

                Petitioner,           OPINION AND ORDER

    v.                                      10-cv-0128-bbc

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

Sean Butler, an inmate at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The subject of the petition is petitioner's 1989 conviction in the Superior Court for the District of Columbia, for which he was sentenced to a term of 30 years to life. So far as it appears, petitioner is being housed at the Wisconsin Secure Program Facility under an agreement between Wisconsin corrections officials and the United States Bureau of Prisons, which has custody over District of Columbia offenders pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11201, 111. Stat. 251, 734. (A search of Wisconsin's database of circuit court cases shows no Wisconsin convictions for petitioner.)

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because it is plain from

the petition that this court cannot entertain petitioner's claims, the petition will be dismissed.

The following facts are drawn from the petition and its attachments.

FACTS

In 1989, Sean Butler was convicted in the District of Columbia Superior Court for felony murder while armed, second-degree murder while armed, kidnaping while armed, assault with a dangerous weapon and carrying a pistol without a license. He was sentenced to an indeterminate term of 30 years to life. On July 21, 1992, the Court of Appeals for the District of Columbia affirmed the conviction, Butler v. United States, 614 A. 2d 875 (D.C. 1992), and on November 30, 1992, the United States Supreme Court denied certiorari.

In approximately 2006, petitioner filed a collateral attack on his conviction under D.C. Code § 23-110, alleging that his trial lawyer had been ineffective in a number of ways and that the trial court had failed to conduct an adequate colloquy with petitioner to determine whether he had validly waived his right to testify. The Superior Court for the District of Columbia denied the motion on November 16, 2006. That judgment was affirmed by the District of Columbia Court of Appeals on December 5, 2007. Petitioner then filed a second motion for collateral attack, which was denied by the superior court on September 14, 2009 and affirmed by the appellate court on February 26, 2010. The District of Columbia courts determined that petitioner's second collateral attack was procedurally

barred as a successive claim under D.C. Code § 23-110 and not cognizable on collateral attack because the claims had been rejected on petitioner's direct appeal.

Petitioner has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] He contends that he is in custody in violation of the laws or Constitution of the United States. Specifically, he contends that his 1989 conviction is unlawful because 1) the government was allowed to introduce a coerced statement by petitioner against him at trial; 2) petitioner's trial lawyer was ineffective for failing to seek suppression of the statement on proper grounds; and 3) petitioner is actually innocent.

OPINION

In 1970, Congress enacted the District of Columbia Court Reform and Criminal Procedure Act, 84 Stat. 473, which transferred general jurisdiction of local matters from the federal courts located in that district to the local courts. Swain v. Pressley, 430 U.S. 372, 375 & n. 4 (1977) (discussing background of Act); Palmore v. United States, 411 U.S. 389, n.2 (1973) (same). Under the current court system, which is "analogous to those found in the States," id. at n.4, all local matters are heard by the Superior Court of the District of

---

[1] Although the District of Columbia's local court system is analogous to those in the states, the district is not technically a "state." Therefore, a question exists whether the petition should have been filed under the general habeas corpus statute, 28 U.S.C. § 2241, rather than § 2254, which is reserved for prisoners in custody pursuant to a state court judgment. Because the statutory distinction makes no difference to the outcome of the petition, I will accept it as filed under § 2254.

Columbia and all appeals from that court are heard by the District of Columbia Court of Appeals, whereas the United States Courts in the District of Columbia exercise jurisdiction concurrent with that exercised by the federal courts in the various states.  Id.

As part of the 1970 legislation, Congress established a procedure for collateral review of convictions imposed by the Superior Court of the District of Columbia that mirrors that authorized by 28 U.S.C. § 2255 for the United States district courts.  D.C. Code § 23-110 provides, in relevant part, as follows:

> (a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.
>
> \*     \*     \*
>
> (g) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110.

Thus, even though the District of Columbia court system may be the functional equivalent of a state court system, District of Columbia prisoners are more circumscribed than their state counterparts in their ability to obtain federal habeas corpus relief.  Whereas

a state prisoner may resort to federal habeas corpus after exhausting his state remedies, a District of Columbia prisoner can do so only if the local remedy is "inadequate or ineffective to test the legality of his detention." Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986). See also Swain, 430 U.S. at 381-382 (upholding § 23-110 against suspension clause challenge); Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). Absent a showing that the § 23-110 remedy is inadequate or ineffective, the federal court lacks jurisdiction and the petition must be dismissed.

In this case, the Superior Court for the District of Columbia has denied petitioner relief on his claims that his statement was involuntary and his trial lawyer was ineffective. This court cannot consider his habeas petition unless petitioner can show that his remedy by motion under § 23-110 is inadequate or ineffective. To qualify for this "safety valve" provision, a petitioner must do more than show that his own circumstances prevent him from invoking the § 23-110 remedy. Garris, 794 F.2d at 727. The mere fact that he has been unsuccessful in his previous attempts to attack his conviction and sentence by means of a motion under D.C.Code § 23-110 does not render the remedy inadequate or ineffective. Rather, he must show that he has viable claims that fall outside the scope of § 23-110. E.g., Williams v. Martinez, 586 F.3d 995, 998 (D.C. Cir. 2009) (finding that § 23-110 presented no bar to habeas action raising ineffective assistance of appellate counsel claim because

5

District of Columbia Court of Appeals had determined that such claims must be raised only through motion to recall mandate), pet. for cert. filed (Feb. 5, 2010).

Petitioner does not attempt to show that the § 23-110 procedure is ineffective or inadequate and nothing in the petition suggests that such a finding could be made. Petitioner's claims that his statement was involuntary and his trial lawyer was ineffective are plainly within the scope of § 23-110 and in fact, he has presented different variations of those claims in previous motions. Petitioner does assert a claim of "actual innocence," but he presents nothing to show that he could not have made that claim during the criminal prosecution, on direct appeal or in his successive § 23-110 motions. In the § 2255 context, a claim of "actual innocence" has been found to qualify for the safety valve only if the Supreme Court interprets the statute underlying the conviction in a way that shows that the defendant did not commit the crime and the defendant's opportunity to seek relief under § 2255 has already been used or lost. Unthank v. Jett, 549 F.3d 534, 536 (7th Cir. 2008); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Petitioner's "actual innocence" claim does not rest on any retroactive change in the law that he could not have raised earlier. It is simply his own claim that he was wrongly convicted. The local courts in the District of Columbia are the only courts with jurisdiction over this claim.

ORDER

IT IS ORDERED that the petition of Sean Butler for a writ of habeas corpus is DISMISSED for lack of jurisdiction. I decline to issue a certificate of appealability because reasonable jurists would not debate the correctness of the procedural ruling in this case. Slack v. McDaniel, 529 U.S. 473, 484 (2000). If he wishes, petitioner may ask a circuit judge to issue the certificate under Fed. R. App. P. 22(b).

Entered this 25th day of March, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge