IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SEAN BUTLER,

                Petitioner,                OPINION AND ORDER

      v.                                              10-cv-128-bbc

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

      Before the court is Sean Butler's motion for reconsideration of an order entered March 25, 2010, dismissing his application for a writ of habeas corpus because he failed to show that the remedy afforded him by D.C. Code § 23-110 was ineffective or inadequate, so that he would be entitled to pursue post conviction relief in federal court. Nothing in petitioner's motion for reconsideration convinces me that I erred in dismissing his petition.

      As petitioner points out, the Superior Court for the District of Columbia has denied his motions under § 23-110 on the ground that they were procedurally barred, either because petitioner had raised the claims in an earlier motion or on direct appeal. Pet., dkt. #1, exh.2. In petitioner's view, this means that the District of Columbia courts "lack authority" under § 23-110 to consider his claims and therefore the § 23-110 remedy is inadequate or ineffective.

Petitioner is mistaken. As explained by the Court of Appeals for the District of Columbia:

> It is well established in the federal circuits that a federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct appeal from his conviction, absent an intervening change in the law. Any other rule would frustrate policies strongly favoring conservation of judicial resources and finality of judicial decisions. The District of Columbia Court of Appeals has similarly held that resolution of an issue on direct review bars relitigation of that issue in a District of Columbia court. Because the local statutory motion for vacatur of sentence is thus unavailable to appellant, he insists that the local remedy was inadequate and ineffective, and that therefore his habeas corpus petition in the District Court was proper.
>
> This is not a case in which a District of Columbia prisoner has been deprived of a full and fair opportunity to litigate a colorable claim in the District of Columbia courts. On the contrary, appellant pressed his Sixth Amendment argument on appeal to the District of Columbia Court of Appeals, although he did not prevail. Collateral review may be available to rectify an error not correctable on direct appeal, or when exceptional circumstances excuse a failure to assert the error on appeal. But "it must be remembered that direct appeal is the primary avenue for review of a conviction or sentence," and mere lack of success on that appeal does not pave the way for collateral attack. Habeas corpus is available to appellant, we repeat, only if "the remedy by motion is inadequate or ineffective to test the legality of his detention." It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it.

Garris v. Lindsay, 794 F.2d 722, 726-727 (D.C. Cir. 1986) (footnotes omitted).

Like the petitioner in Garris, petitioner in this case pursued a direct appeal in which he litigated and lost his claim that the trial court had erred in denying his motion to suppress a videotaped statement that he gave to police. Petitioner's new claim that his trial lawyer was ineffective in arguing the suppression motion is simply a re-packaging of that same

2

claim. Therefore, the District of Columbia courts properly found that the claims could not be raised in a § 23-110 motion because they had previously been resolved on petitioner's direct appeal. As in Garris, then, it is petitioner's circumstances, not the inefficacy of the remedy itself, that prevent him from obtaining relief under § 23-110. Therefore, § 23-110(g) bars this court from entertaining the petition.

ORDER

IT IS ORDERED that petitioner Sean Butler's motion for reconsideration of the March 25, 2010 order is DENIED.

Entered this 11th day of May, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge